Marc Primo (SBN 216796)
MPrimo@InitiativeLegal.com
Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
David Cheng (SBN 240926)
DCheng@InitiativeLegal.com
Christian Counts (SBN 208363)
CCounts@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:  (310) 556-5637
Facsimile:  (310) 861-9051

Attorneys for Plaintiff Cynthia Flores

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA FLORES, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC., et al.,<br><br>Defendants. | Case No.:  CV07-05326-JHN-Ex<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OMNIBUS MOTION FOR REVIEW OF MAGISTRATE JUDGE'S DISCOVERY RULINGS PURSUANT TO FED. R. CIV. P. 72(A)**<br><br>**[Fed. R. Civ. P. 72(A); Local Rule 72-2.1]**<br><br>Date:       March 1, 2010<br>Time:       9:30 a.m.<br>Place:      Courtroom 1600<br>Judge:     Hon. Jacqueline H. Nguyen<br><br>Complaint Filed:  August 15, 2007<br>Class Discovery Cut-Off:  April 9, 2010<br>Trial Date:  None |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................... 1

II.  FACTS AND PROCEDURE .................................................................. 2

III. ARGUMENT ........................................................................................... 4

    A.  Standard of Review ......................................................................... 4

    B.  The Order Completely Denies the Production of Information
        Related to Class Size and Class Member Identities ............................ 4

    C.  Plaintiff Is Entitled to the Information Sought Through Her
        Interrogatories .................................................................................. 5

        1.  Defendant Should Have Been Compelled to Respond to
            Basic Interrogatories Bearing on Numerosity ............................... 5

        2.  The Order Was Clearly Erroneous in Denying the Production
            of Identities of Putative Class Members Sought by
            Interrogatory No. 4, Which Are Fundamental to Class
            Discovery ...................................................................................... 6

    D.  Plaintiff Has Made a *Prima Facie* Showing That She Is Entitled
        to Discovery Concerning Albertson's Employees, Both in Sav-On
        Drug Stores and Albertson's Grocery Stores ..................................... 8

IV.  CONCLUSION ........................................................................................ 9

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Geophysical Sys. Corp. v. Raytheon Co.*, 117 F.R.D. 646 (C.D. Cal. 1987) .................................................................................................. 4

*Ho v. Ernst & Young, LLP*, Case No. C05-04867 JF (HRL), 2007 U.S. Dist. LEXIS 37700 (N.D. Cal. May 9, 2007) ............................................ 6

*Jimenez v. Domino's Pizza, LLC*, Case No. 04cv11107, 2006 U.S. Dist. LEXIS 66510 (C.D. Cal. Jan. 11, 2006) ...................................................... 7

*Lewis v. First Am. Title Ins.*, Case No. CV 06-478-S-EJL-LMB, 2008 U.S. Dist. LEXIS 43518 (D. Idaho Jun. 2, 2008) .................................. 5

*Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985) ............................................ 5

*Nat'l Org. for Women v. Sperry Rand Corp.*, 88 F.R.D. 272 (D. Conn. 1980) ................................................................................................ 5, 9

*Putnam v. Eli Lilly and Co.*, 508 F. Supp. 2d 823 (C.D. Cal. 2007) ..................... 8

*Tomassi v. Cty. of Los Angeles*, Case No. CV 08-1851 DSF (SSx), 2008 U.S. Dist. LEXIS 111676 (C.D. Cal. Oct. 24, 2008) ............................... 7

*United States v. McConney*, 728 F.2d 1195 (9th Cir. 1984) ................................ 4

*Wiegele v. FedEx Ground Package Sys.*, Case No. 06-CV-01330-JM (POR), 2007 U.S. Dist. LEXIS 9444 (S.D. Cal. 2007) ...................................... 7

*York v. Starbucks Corp.*, Case No. CV 08-7919-GAF (PJWx), 2009 U.S. Dist. LEXIS 92274 (C.D. Cal. Jun. 30, 2009) ........................................... 6

**STATE CASES**

*Belaire-West Landscape, Inc. v. Super. Ct. (Rodriguez)*, 149 Cal.
App. 4th 554 (2007) .................................................................................................. 6

*Lee v. Dynamex, Inc.*, 166 Cal. App. 4th 1325 (2008) ........................................... 7

*People v. Dixon*, 148 Cal. App. 4th 414 (2007) ..................................................... 6

*Pioneer Electronics (USA), Inc. v. Super. Ct. (Olmstead)*, 40 Cal. 4th
360 (2007) ................................................................................................................ 7

*Puerto v. Super. Ct. (Wild Oats Markets, Inc.)*, 158 Cal. App. 4th
1242 (2008) ........................................................................................................ 6, 8


**FEDERAL STATUTES**

Central District of California Local Rule 7-3 ........................................................ 4

Fed. R. Civ. P. 72(a) ................................................................................................ 4

Rule 23 ..................................................................................................................... 5


**STATE STATUTES**

Labor Code section 201 ........................................................................................... 2

Labor Code section 202 ........................................................................................... 2

Labor Code section 204 ........................................................................................... 2

Labor Code section 226(a) ...................................................................................... 2

Labor Code section 226.7(a) ................................................................................... 2

Labor Code section 510 ........................................................................................... 2

Labor Code section 512(a) ...................................................................................... 2

Labor Code section 1190 ......................................................................................... 2

Labor Code section 2600 ......................................................................................... 2

Unfair Competition Law ......................................................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On January 12, 2010, Magistrate Judge Charles F. Eick denied four discovery Motions[1] brought by Plaintiff against Defendants SuperValu, Inc. ("SuperValu"), New Albertson's, Inc. ("New Albertson's"), Save Mart Supermarkets ("Save Mart") and Lucky Stores, Inc. ("Lucky Stores") (collectively, "Defendants"). The Motions sought to compel further responses to interrogatories seeking information relevant to class size and the names and contact information for a putative class of non-exempt employees who were employed by Albertson's, and worked at either its Sav-On drug stores and/or its grocery stores. Because the Magistrate Judge's order (the "Order") summarily denied all four Motions, which entailed substantially similar issues, the present motion seeks review of that single Order. And because the Order prevents Plaintiff from obtaining discovery necessary to establish the elements for class certification, the Magistrate Judge's ruling must be reversed.

Judge Eick's Order denies Plaintiff the discovery needed to demonstrate the existence of an ascertainable class, the claims of which against Defendants share common predominant legal and factual issues appropriate for class adjudication. Specifically, interrogatories seeking the number of non-exempt employees in the class bear directly on numerosity. Further, Plaintiff's interrogatories seeking the names and contact information of putative class members are necessary to learn the names of witnesses who can confirm the uniformity of Albertson's employment policies and procedures, and thereby

---

[1] These motions are: (1) Plaintiff's Motion to Compel Further Responses to Plaintiff's Interrogatories, First Set Against Defendant SuperValu, Inc.; (2) Plaintiff's Motion to Compel Further Responses to Plaintiff's Interrogatories, First Set Against Defendant New Albertson's, Inc.; (3) Plaintiff's Motion to Compel Further Responses to Plaintiff's Interrogatories, First Set Against Defendant Save Mart Supermarkets; and (4) Plaintiff's Motion to Compel Further Responses to Plaintiff's Interrogatories, First Set Against Defendant Lucky Stores, Inc. (collectively, the "Motions").

Page 1

1   establish the predominance of common questions.

2   The Order unreasonably limits Plaintiff's ability to support class
3   allegations. Accordingly, Plaintiff requests that the Court review the
4   Magistrate's Order and make an order permitting Plaintiff the discovery
5   necessary to support a motion for class certification.

6   **II.   FACTS AND PROCEDURE**

7   This putative class action arises out of a failure to pay overtime
8   compensation and provide meal and rest breaks.[2] Between August of 2005 and
9   June of 2007, Plaintiff was a non-exempt employee who worked as a Pharmacy
10  Technician at the Agoura Hills, California Sav-On drug store. Prior to June
11  2006, Plaintiff's employer was Albertson's. (Exs. A-G to Declaration of David
12  Cheng in Support of Plaintiff's Omnibus Motion for Review of Magistrate
13  Judge's Rulings Pursuant to Fed. R. Civ. P. 72(a) ["Cheng Decl."].)

14  During her employment with Albertson's, Plaintiff adhered to the same
15  meal and rest period policies and procedures followed by other non-exempt
16  employees at Albertson's, including all those working at Sav-On, as well as
17  Albertson's grocery stores.[3] (Ex. G to *id.* [showing Albertson's and Sav-On had

---

[2] Plaintiff's Third Amended Complaint pleads the following causes of action: (1) violations of Labor Code sections 510 and 1190 (unpaid overtime); (2) violations of Labor Code sections 201 and 202 (wages not paid upon termination); (3) violations of Labor Code section 204 (failure to pay wages); (4) violations of Labor Code sections 226.7(a) and 512(a) (denial of meal breaks); (5) violations of Labor Code section 226.7(a) (denial of rest breaks); (6) violation of Labor Code section 226(a) (improper wage statements); (7) conversion and theft of labor; and (8) violations of the Unfair Competition Law. Plaintiff also sought remedies under the Private Attorneys General Act, California Labor Code §§ 2699, *et seq.*

[3] In June of 2006, Albertson's, Inc. sold its assets to various entities in a series of transactions. CVS Pharmacy, Inc. acquired the Sav-On drug stores and pharmacies located in California, including the location where Plaintiff was employed. Albertson's Northern California grocery store assets were sold to Albertson's, LLC, which was owned in part by Cerberus Capital Management, L.P. The remaining grocery store assets, those in the Southern California region, were sold to New Albertson's, which is a wholly owned subsidiary of SuperValu. Subsequently, in a 2007 transaction, Albertson's, LLC sold its Northern California grocery stores to Defendant Save Mart Supermarkets. Notwithstanding CVS Pharmacy, Inc.'s acquisition of Albertson's, Inc.'s retail drug stores and pharmacies as a part of their

the same policy regarding meal and rest periods].)

Plaintiff filed this action on August 15, 2007.  On March 23, 2009, this Court entered final approval of a settlement reached between Plaintiff and CVS, ending litigation for claims accruing after CVS Pharmacy, Inc. acquired the Albertson's Sav-On drug stores, including Plaintiff's.  The remaining issue is Albertson's pre-acquisition liability, and the assumption of that liability by the remaining defendants.  Each of the four defendants remaining in this case—SuperValu, New Albertson's, Save Mart and Lucky Stores—is a potential successor to the pre-acquisition liabilities of Albertson's grocery stores and Sav-On drug stores.  (*See* n.3, *supra*.)

Plaintiff served interrogatories on each Defendant, seeking information concerning the class size, as well as the names and contact information for putative class members.  (Plaintiff's Interrogatories, Set One to New Albertson's, Ex. H to Cheng Decl.; Plaintiff's Interrogatories, Set One to SuperValu, Ex. I to *id.*; Plaintiff's Interrogatories, Set One to Lucky Stores, Ex. J to *id.*; Plaintiff's Interrogatories, Set One to Save Mart, Ex. K to *id.*)  Each Defendant objected to producing the discovery sought.  (New Albertson's' Responses to Plaintiff's Interrogatories, Ex. L to *id.*; SuperValu's Responses to Plaintiff's Interrogatories, Ex. M to *id.*; Lucky Stores' Responses to Plaintiff's Interrogatories, Ex. N to *id.*; Save Mart's Responses to Plaintiff's Interrogatories, Ex. O to *id.*)  SuperValu and New Albertson's further sought to limit production solely to the Sav-On district where Plaintiff worked.

Following meet and confer efforts, Plaintiff filed the Motions on December 23, 2009, and on January 12, 2010, Magistrate Eick issued the Order denying the Motions.

---

purchase agreement, certain liabilities for the time before the purchase remained with Albertson's.  (June 3, 2008 Order Granting Plaintiff's Motion for Leave to File a Second Amended Complaint, Docket No. 34.)  As a result, liabilities from the time *prior* to the 2006 sale may have passed to the Defendants.

1  In compliance with Central District of California Local Rule 7-3,
2  Plaintiff's counsel ~~sought a stipulation~~ attempted to confer with counsel of
3  record for Defendants, but were variously rebuffed. (Cheng Decl. at ¶18-20; *see*
4  *also* Letter dated January 21, 2010, attached as Ex. P to *id*.)[4]

## III. ARGUMENT

### A. Standard of Review

When a magistrate judge's ruling on a discovery motion is in error, a party may file objections to the ruling or order within 14 days of service of the order. Fed. R. Civ. P. 72(a).[5] Any findings of fact that are "clearly erroneous" or "contrary to law" must be stricken. *Id*. A magistrate judge's legal conclusions are reviewable *de novo* to determine whether they are "contrary to law." *See United States v. McConney*, 728 F.2d 1195, 1200-01 (9th Cir. 1984). And where circumstances warrant—such as when reviewing rulings on relevance objections made in connection with discovery matters—an "abuse of discretion" standard is applied. *E.g.*, *Geophysical Sys. Corp. v. Raytheon Co.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987).

### B. The Order Completely Denies the Production of Information Related to Class Size and Class Member Identities

Plaintiff objects to the second paragraph of the Order which states:

> "Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie case showing that the class

---

[4] Mr. Witlin was unwilling to confer and directed Plaintiff's counsel to *pro hac vice* counsel Reed Russell, whom counsel called and left a message that day. (Cheng Decl. at ¶ 18.) The following day, counsel spoke to Mr. Russell by telephone, in which the parties were unable to reach an informal resolution avoiding the present motion. (*Id*. at ¶ 19.) Counsel also contacted Patrick Jordan, counsel of record for Save Mart and Lucky Stores, on January 21, 2010, to determine whether the parties could reach an informal resolution concerning the discovery sought, obviating the need for this motion. (Cheng Decl. at ¶ 20; January 21, 2010 Letter, Ex. P to *id*.) Mr. Jordan ultimately rejected counsel's attempts. (Cheng Decl. at ¶ 20.)

[5] Although Rule 72(a) only mentions objections to an order, a motion for review is also required by the Central District of California's Local Rule 72-2.1.

> action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985). None of the evidence in Plaintiff's moving submission or supplemental submission satisfies either of these disjunctive requirements. Accordingly, the motions are denied.

(Docket No. 173.) As explained below, the Order is overbroad, and has the effect of preventing Plaintiff from seeking any information concerning class size and class members' identities.

### C. Plaintiff Is Entitled to the Information Sought Through Her Interrogatories

In a class action, the discovery permitted must be sufficiently broad so that the plaintiff has a fair and realistic opportunity to obtain evidence which will meet the requirements of Rule 23. *Lewis v. First Am. Title Ins.*, Case No. CV 06-478-S-EJL-LMB, 2008 U.S. Dist. LEXIS 43518 *9-*11 (D. Idaho Jun. 2, 2008) (discussing *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985)); *see also Nat'l Org. for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn. 1980) ("[f]ailure to allow discovery, where there are substantial factual issues relevant to certification of the class makes it impossible for the party seeking discovery to make an adequate presentation ... [on certification]" and that "discovery on the merits [must not] be completed precedent to class certification").

#### 1. Defendant Should Have Been Compelled to Respond to Basic Interrogatories Bearing on Numerosity

It is clear error and an abuse of discretion to wholly deny Plaintiff discovery on an essential element of class certification, specifically numerosity. *See Lewis*, 2008 U.S. Dist LEXIS 43518 *9-*11; *Nat'l Org. for Women*, 88 F.R.D. at 277; *e.g.*, Pl. Interrogatories, Set One to New Albertson's, Nos. 1, 2 & 3, Ex. G to Cheng. Decl (seeking number of putative class members during class period). This is especially the case in which even Defendants SuperValu and

Page 5

1  New Albertson's—although it sought to limit production to the Sav-On district
2  where Plaintiff worked—agreed to provide information concerning class size.
3  (New Albertson's' Responses to Plaintiff's Interrogatories, Ex. L to Cheng
4  Decl.; SuperValu's Responses to Plaintiff's Interrogatories, Ex. M to *id*.)
5  Plaintiff's deadline to complete class discovery is April 9, 2010.  Accordingly,
6  the information should be produced without further delay.

       2.  The Order Was Clearly Erroneous in Denying the Production
          of Identities of Putative Class Members Sought by
          Interrogatory No. 4, Which Are Fundamental to Class
          Discovery

11   Likewise, discovery concerning the identities of putative class members
12 during the relevant time period is necessary for class certification.  Here, the
13 names and contact information of putative class members will identify percipient
14 witnesses to this putative wage and hour class action.  *See Puerto v. Super. Ct.*
15 *(Wild Oats Markets, Inc.)*, 158 Cal. App. 4th 1242, 1249 (2008) ("Central to the
16 discovery process is the identification of potential witnesses"); *Belaire-West*
17 *Landscape, Inc. v. Super. Ct. (Rodriguez)*, 149 Cal. App. 4th 554, 562 (2007)
18 ("The current and former employees are potential percipient witnesses to
19 Belaire-West's employment and wage practices"); *People v. Dixon*, 148 Cal.
20 App. 4th 414, 443 (2007) ("The disclosure of the names and addresses of
21 potential witnesses is a routine and essential part of pretrial discovery").

22   Putative class members, who share factually similar circumstances with
23 the Plaintiff in her employment with Albertson's, Inc., will likely possess
24 knowledge concerning the employment practices at issue, including employees'
25 hours, availability of breaks, and other employment practices central to this case.

26   This information is also highly relevant because the names and contact
27 information will allow Plaintiff to conduct interviews with prospective class
28 members and support the commonality of factual and legal issues and the

typicality of Plaintiff's claims. *See*, *e.g.*, *York v. Starbucks Corp.*, Case No. CV 08-7919-GAF (PJWx), 2009 U.S. Dist. LEXIS 92274, *2-*5 (C.D. Cal. Jun. 30, 2009) (ordering the production of putative class members' contact information); *Ho v. Ernst & Young, LLP*, Case No. C05-04867 JF (HRL), 2007 U.S. Dist. LEXIS 37700, *4-*7 (N.D. Cal. May 9, 2007) (same); *Wiegele v. FedEx Ground Package Sys.*, Case No. 06-CV-01330-JM (POR), 2007 U.S. Dist. LEXIS 9444, *4-*8 (S.D. Cal. Feb. 8, 2007) (same); *Lee v. Dynamex, Inc.*, 166 Cal. App. 4th 1325, 1336 (2008) (reversing trial court's order denying certification due to same court's discovery order precluding identification of potential class members before certification).

The identities of class members are even more critical in actions involving wage and hour disputes:

> "Wage and hour disputes (and others in the same general class) routinely proceed as class actions." *Prince v. CLS Transportation, Inc.*, 118 Cal. App. 4th 1320, 1328, 13 Cal. Rptr. 3d 725 (2004). "[A]s a general rule, before class certification has taken place, all parties are entitled to 'equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties.'" *Koo v. Rubio's Restaurants, Inc.*, 109 Cal. App. 4th 719, 135 Cal. Rptr. 2d 415 (2003).

*Jimenez v. Domino's Pizza, LLC*, Case No. 04cv11107, 2006 U.S. Dist. LEXIS 66510 *5 (C.D. Cal. Jan. 11, 2006), *quoted in Wiegele v. FedEx Ground Package Sys.*, Case No. 06-CV-01330-JM (POR), 2007 U.S. Dist. LEXIS 9444, *4-*8 (S.D. Cal. Feb. 8, 2007).

Other federal courts have recognized the wide latitude allowed to class counsel to permit communications with potential class members. *See Tomassi v. Cty. of Los Angeles*, Case No. CV 08-1851 DSF (SSx), 2008 U.S. Dist. LEXIS 111676, *8-*11 (C.D. Cal. Oct. 24, 2008) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981)) (ordering the disclosure of putative class members' contact information, acknowledging the need of class counsel to communicate with

potential class members prior to certification in order to enable a representative plaintiff to prosecute his case).[6]

Because Plaintiff must interview putative class members prior to filing a motion for class certification, the information is discoverable prior to class certification.

### D. Plaintiff Has Made a *Prima Facie* Showing That She Is Entitled to Discovery Concerning Albertson's Employees, Both in Sav-On Drug Stores and Albertson's Grocery Stores

Plaintiff also seeks review of the Magistrate Judge's Order to the extent the Order impinges on the scope of Plaintiff's discovery. Plaintiff seeks to represent a California class of non-exempt or hourly paid Albertson's/Sav-On employees against the remaining Defendants as possible successors to the pre-acquisition liability of Albertson's.

Based on documents already produced by Defendants, Plaintiff can make a *prima facie* showing that she is entitled to all information concerning Albertson's employees, both in the grocery stores and in the Sav-On drug stores. (*See* Exs. A-G to Cheng Decl.) These documents reveal how employees of Albertson's, including Plaintiff, were all subjected to the same policies and procedures, regardless of whether the employee worked at a Sav-On drug store or Albertson's grocery store. These documents also demonstrate how Albertson's wage statements, timecards and other employment records made no distinction between a Sav-On drug store employee and other Albertson's employees. (*See id.*)

---

[6] Any purported privacy concerns are also unavailing. *See, e.g.*, *Tomassi*, 2008 U.S. Dist. LEXIS 111676 *9 (citing *Pioneer Electronics (USA), Inc. v. Super. Ct. (Olmstead)*, 40 Cal. 4th 360, 373 (2007)); *Putnam v. Eli Lilly and Co.*, 508 F. Supp. 2d 823, 825 (C.D. Cal. 2007) (relevance of potential plaintiffs' contact information outweighs privacy interests); *see also Puerto*, 158 Cal. App. 4th at 1253 ("Here, just as in *Pioneer*, the requested information, while personal, is not particularly sensitive, as it is merely contact information, not medical or financial details, political affiliations, sexual relationships, or personnel information").

1  Pre-certification, the Court's only permissible inquiry is whether the
2 plaintiff can demonstrate that discovery measures are likely to produce
3 persuasive information substantiating the class action allegations—***not*** whether
4 the merits of class certification have been met. *Nat'l Org. for Women*, 88 F.R.D.
5 at 277. Plaintiff has presented substantial evidence meeting this burden.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reverse the Magistrate's Order or for any other relief this Court deems just and proper.

Dated: January 26, 2010

Respectfully submitted,

Initiative Legal Group APC

By: _____
Marc Primo
Mónica Balderrama
David Cheng
Christian Counts
Attorneys for Plaintiff Cynthia Flores