1   Marc Primo (SBN 216796)
    MPrimo@InitiativeLegal.com
2   Mónica Balderrama (SBN 196424)
    MBalderrama@InitiativeLegal.com
3   David Cheng (SBN 240926)
    DCheng@InitiativeLegal.com
4   Christian Counts (SBN 208363)
    CCounts@InitiativeLegal.com
5   Initiative Legal Group APC
    1800 Century Park East, 2nd Floor
6   Los Angeles, California 90067
    Telephone: (310) 556-5637
7   Facsimile: (310) 861-9051

8   Attorneys for Plaintiff Cynthia Flores

9   AKIN GUMP STRAUSS HAUER & FELD LLP
    W. Randolph Teslik (*Pro Hac Vice*)
10  Rteslik@akingump.com
    Reed L. Russell (*Pro Hac Vice*)
11  Rrussell@akingump.com
    David A. Rappaport (*Pro Hac Vice*)
12  Drappaport@akingump.com
    1333 New Hampshire Ave., N.W.
13  Washington, D.C. 20036
    Telephone: (202) 887-4000
14  Facsimile: (202) 887-4288

15  Scott J. Witlin (SBN 137413)
    SWitlin@akingump.com
16  2029 Century Park East, Suite 2400
    Los Angeles, California 90067-3012
17  Telephone: (310) 229-1000
    Facsimile: (310) 229-1001
18
    Attorneys for Defendants SuperValu, Inc.,
19  and New Albertsons, Inc.

20
    JORDAN LAW GROUP
21  Patrick W. Jordan (SBN 52115)
    pwj@pjordanlaw.com
22  Nanette Joslyn (SBN 141317)
    nj@pjordanlaw.com
23  1010 B Street, Suite 320
    San Rafael, California 94901
24
    Attorneys for Defendants SaveMart
25  Supermarkets, and Lucky Stores, Inc.

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION

1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

| | |
|---|---|
| CYNTHIA FLORES, individually, and on behalf of other members of the general public similarly situated, | Case Number: CV07-05326 JHN (Ex) |
| Plaintiff, | Assigned to the Hon. Jacqueline Hong-Ngoc Nguyen for All Purposes |
| vs. | CLASS ACTION |
| CVS PHARMACY, INC., et al., | **STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION** |
| Defendants | |
| | Complaint Filed:   August 15, 2007 |

//

1    Subject to the approval of this Court, Plaintiff Cynthia Flores ("Plaintiff"), on

2   the one hand, and Defendants Save Mart Supermarkets ("Save Mart"), Lucky Stores, Inc.

3   ("Lucky"), New Albertsons, Inc. ("New Albertsons") and SuperValu, Inc. ("SuperValu")

4   (collectively, "Defendants"), on the other hand, by and through their respective counsel,

5   hereby stipulate to the following protective order:

6       1.    PURPOSES AND LIMITATIONS

7    Disclosure and discovery activity in this action will likely involve production

8   of confidential, commercially sensitive, proprietary, or private information for which

9   special protection from public disclosure and from use for any purpose other than litigating

10   this matter would be warranted.  Furthermore, the parties desire to memorialize their

11   agreement regarding inadvertent production of privileged materials and/or materials

12   protected by the attorney work product doctrine.  Accordingly, whereas good cause exists

13   in that these documents contain, among other things, personal information of third parties

14   that is subject to protection from disclosure pursuant to the privacy protections of Article I,

15   Section I of the California Constitution, medical information, and confidential, proprietary,

16   and/or trade secret information that is subject to protection from disclosure pursuant to

17   California Civil Code section 3426.5, the parties hereby stipulate to and petition the Court

18   to enter the following Stipulated Protective Order.

19       2.    DEFINITIONS

20       2.1. Party:  any party to this action, including all of its officers, directors,

21   employees, consultants, retained experts, and outside counsel (and their support staff).

22       2.2. Disclosure or Discovery Material:  all items or information, regardless

23   of the medium or manner generated, stored, or maintained (including, among other things,

24   documents, electronic data, testimony, transcripts, or tangible things) that are produced or

25   generated in disclosures or responses to discovery in this matter.

26       2.3. Confidential Information or Items:  all non-public business records or

27   other documents and all information contained therein, including confidential information

28   about any third party, including Defendants' current and former employees and current and

1   former customers, and all deposition testimony or other discovery responses concerning

2   the non-public aspects of the parties' operation of their businesses, including, but not

3   limited to, confidential or proprietary business information; financial information; client

4   lists, customer information, files, e-mails or other information; other potential trade secret

5   information; personnel, human resources, salary and benefits files; medical records; and

6   other documents to the extent any of the parties have designated them as either

7   "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the

8   terms of this Protective Order.

9       2.4. <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

10  from a Producing Party.

11      2.5. <u>Producing Party</u>:  a Party or non-party that produces Disclosure or

12  Discovery Material in this action.

13      2.6. <u>Designating Party</u>:  a Party or non-party that designates information or

14  items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

15  "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

16      2.7. <u>Protected Material</u>:  any Disclosure or Discovery Material that

17  constitutes Confidential Information or Items designated as "CONFIDENTIAL" or

18  "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

19      2.8. <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who

20  are retained to represent or advise a Party in this action (as well as their internal support

21  staffs).

22      2.9. <u>House Counsel</u>:  attorneys who are employees of a Party (as well as

23  their internal support staffs).

24      2.10. <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as

25  well as their support staffs).

26      2.11. <u>Expert</u>:  a person with specialized knowledge or experience in a matter

27  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

28

2

expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12. <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.13. <u>Confidential-Attorneys' Eyes Only</u>: disclosure or discovery material produced with the designation "CONFIDENTIAL-ATTORNEYS' EYES ONLY" are those documents or information the disclosure of which would cause substantial risk of serious injury.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), and Confidential Information and Items, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material, and Confidential Information and Items.

4.   <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Party's or a non-party's attention that information or items that it designated for protection was done so inadvertently, that Party

---

3

1  or non-party must promptly notify all other parties that it is withdrawing the mistaken

2  designation.

3      5.2.  <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

4  this Order or as otherwise stipulated or ordered, material that qualifies for protection under

5  this Order must be clearly so designated before the material is disclosed or produced.

6      Designation in conformity with this Order requires:

7      (a)  <u>for information in documentary form</u> (apart from transcripts of

8  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

9  "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by use of a

10 watermark, or at the top, bottom or right margin of each page that contains protected

11 material or, alternatively, on the first page of a multipage document, if the entire document

12 is protected.  If only a portion or portions of the material on a page qualifies for protection,

13 the Producing Party should endeavor to identify the protected portion(s) as

14 "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" if such

15 dissection of the document can be reasonably achieved without undue burden on the

16 Designating Party.

17     A Party or non-party that makes original documents or materials available

18 for inspection need not designate them for protection until after the inspecting Party has

19 indicated which material it would like copied and produced.  During the inspection and

20 before the designation, all of the material made available for inspection shall be deemed

21 "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  After the

22 inspecting Party has identified the documents it wants copied and produced, the Producing

23 Party must determine which documents, or portions thereof, qualify for protection under

24 this Order, then, before producing the specified documents, the Producing Party must affix

25 the legend "CONFIDENTIAL" by way of a watermark, or at the top, bottom or right

26 margin of each page that contains Protected Material, and Confidential Information and

27 Items.  If only a portion or portions of the material on a page qualifies for protection, the

28 Producing Party also should endeavor to identify the protected portion(s) (*e.g.*, by making

4

1  appropriate markings in the margins), if such dissection of the document can be reasonably

2  achieved without undue burden on the Designating Party.

3          (b)    <u>for testimony given in deposition or in other pretrial or trial</u>

4  <u>proceedings</u>, that the Party or non-party offering or sponsoring, or giving the testimony

5  identify on the record, before the close of the deposition, hearing, or other proceeding, all

6  protected testimony, and further specify any portions of the testimony that qualify as

7  "CONFIDENTIAL." When it is impractical to identify separately each portion of

8  testimony that is entitled to protection, and when it appears that substantial portions of the

9  testimony may qualify for protection, the party or non-party that sponsors, offers, or gives

10  the testimony may invoke on the record (before the deposition or proceeding is concluded)

11  a right to have up to 20 days to identify the specific portions of the testimony for which

12  protection is sought and specify the level of protection being asserted as either

13  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

14        Transcript pages containing Protected Material and Confidential Information

15  and Items must be separately bound by the court reporter, who must affix to the top of each

16  such page the legend "CONFIDENTIAL" or "CONFIDENTIAL–ATTONREYS' EYES

17  ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or

18  presenting the testimony.

19          (c)    <u>for information produced in some form other than</u>

20  <u>documentary, and for any other tangible items</u>, that the Producing Party affix in a

21  prominent place on the exterior of the container or containers in which the information or

22  item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS'

23  EYES ONLY." If only a portion or portions of the material on a page qualifies for

24  protection, the Producing Party also should identify the protected portion(s) (*e.g.*, by

25  making appropriate markings in the margins), if such dissection of the document can be

26  reasonably achieved without undue burden on the Designating Party.

27        5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

28  failure to designate qualified information or items as "CONFIDENTIAL" or

5

1   "CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not, standing alone, waive the

2   Designating Party's right to secure protection under this Order for such material.  If

3   material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL-

4   ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving

5   Party, on timely notification of the designation, must make reasonable efforts to assure that

6   the material is treated in accordance with the provisions of this Order.

7       6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

8           6.1. Timing of Challenges.  Unless a prompt challenge to a Designating

9   Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

10  unnecessary economic burdens, or a later significant disruption or delay of the litigation, a

11  Party does not waive its right to challenge a confidentiality designation by electing not to

12  mount a challenge promptly after the original designation is disclosed, so long as the Party

13  exercised reasonable diligence in doing so.

14          6.2. Meet and Confer.  A Party that elects to initiate a challenge to a

15  Designating Party's confidentiality designation must do so in good faith and must begin

16  the process by conferring directly (in voice to voice dialogue; other forms of

17  communication are not sufficient) with counsel for the Designating Party.  In conferring,

18  the challenging Party must explain the basis for its belief that the confidentiality

19  designation was not proper and must give the Designating Party an opportunity to review

20  the designated material, to reconsider the circumstances, and, if no change in designation is

21  offered, to explain the basis for the chosen designation.  A challenging Party may proceed

22  to the next stage of the challenge process only if it has first engaged in this meet and confer

23  process.

24          6.3. Judicial Intervention.  If the challenge is not resolved during the meet

25  and confer process, a Party who elects to press a challenge to a confidentiality designation

26  after considering the justification offered by the Designating Party may file and serve a

27  motion under Civil Local Rule 7.1 that identifies the challenged material and sets forth in

28  detail the basis for the challenge.  Each such motion must be accompanied by a competent

6

STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION

1  declaration that affirms that the movant has complied with the meet and confer

2  requirements imposed in the preceding paragraph and that sets forth with specificity the

3  justification for the confidentiality designation that was given by the Designating Party in

4  the meet and confer dialogue. The burden of establishing the appropriateness of the

5  confidentiality designation falls on the Designating Party.

6      Until the court rules on the challenge, all parties shall continue to afford the

7  material in question the level of protection to which it is entitled under the Designating

8  Party's designation.

9      7.    ACCESS TO AND USE OF PROTECTED MATERIAL AND

10  CONFIDENTIAL INFORMATION AND ITEMS

11      7.1. Basic Principles. A Receiving Party may use Protected Material and

12  Confidential Information and Items that are disclosed or produced by another Party or by a

13  non-party in connection with this case only for prosecuting, defending, or attempting to

14  settle this litigation. Such Protected Material and Confidential Information and Items may

15  be disclosed only to the categories of persons and under the conditions described in this

16  Order. When the litigation has been terminated, a Receiving Party must comply with the

17  provisions of section 11, below (FINAL DISPOSITION).

18      Protected Material and Confidential Information and Items must be stored

19  and maintained by a Receiving Party at a location and in a secure manner that ensures that

20  access is limited to the persons authorized under this Order.

21      7.2. Disclosure of Confidential Information or Items. Unless otherwise

22  ordered by the court or permitted in writing by the Designating Party, a Receiving Party

23  may disclose any information or item designated "CONFIDENTIAL" only to:

24      7.2.1.  the Receiving Party's Counsel in this action, provided,

25  however, that any document(s) marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY"

26  shall only be disclosed to the Receiving Party's Outside Counsel or House Counsel and

27  experts (as defined in this Order) to assist in preparing for the trial of this action;

28      7.2.2.  the officers, directors, and employees of the Receiving Party to

7

1   whom disclosure is reasonably necessary for this litigation, however information or items

2   designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall not be disclosed;

3            7.2.3.  experts (as defined in this Order) of the Receiving Party to

4   whom disclosure is reasonably necessary for this litigation and who have signed the

5   "Agreement to Be Bound by Protective Order" (Exhibit A);

6            7.2.4.  the Court and its personnel;

7            7.2.5.  court reporters, their staffs, and professional vendors to whom

8   disclosure is reasonably necessary for this litigation and who have signed the "Agreement

9   to Be Bound by Protective Order" (Exhibit A);

10           7.2.6.  during their depositions, witnesses in the action to whom

11  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

12  Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to

13  depositions that reveal Protected Material and Confidential Information and Items must be

14  separately bound by the court reporter and may not be disclosed to anyone except as

15  permitted under this Stipulated Protective Order; or

16           7.2.7.  the author of the document or the original source of the

17  information.

18      7.3.  Written Acknowledgment.  In the event that a Party does disclose

19  Protected Material to any person or entity permitted in subsections 7.2.3, 7.2.5, and 7.2.6,

20  above, the Party agrees to secure from such person or entity a signed written

21  acknowledgment confirming that such person or entity knows the terms of this Stipulated

22  Protective Order, agrees to be bound by the terms of the Order, and agrees to submit to the

23  jurisdiction of the Court for the purpose of securing compliance with the terms of the

24  Order.  The Parties agree to secure the executed acknowledgment before disclosing

25  Protected Material.  The Parties agree that the acknowledgment shall be in the form of the

26  "Agreement To Be Bound By Protective Order" attached to this Stipulated Protective

27  Order as Exhibit A.  The Parties further agree to retain such acknowledgments and to

28  submit them to the Court for in camera review in the event that a Party alleges that the

8

Case 2:07-cv-05326-JHN-E Document 182 Filed 02/18/10 Page 11 of 18

1    terms of the Stipulated Protective Order have been violated. No Party has an obligation to

2    reveal directly to any other Party the identities of the persons or entities who execute

3    written acknowledgments.

4         8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

5    <u>IN OTHER LITIGATION</u>

6         If a Receiving Party is served with a subpoena or any other form of

7    compulsory process of any court, administrative or legislative body, or of any person or

8    tribunal purporting to have authority to seek such information by compulsory process, that

9    would compel disclosure of any information or items designated in this action as

10   "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Receiving

11   Party must so notify the Designating Party, in writing by e-mail or fax immediately and in

12   no event more than three court days after receiving the subpoena or order. Such

13   notification must include a copy of the subpoena or court order. In addition, the Receiving

14   Party shall cooperate to the extent necessary to permit the Designating Party to seek to

15   quash such process, and shall not make production of such information until at least ten

16   (10) days after all parties have received the written notice of such process as required

17   herein. In the event that the subpoena or other compulsory process purports to require a

18   return date of less than ten (10) days, the party to whom the process is directed shall give

19   prompt telephonic as well as written notice of such process and shall not produce such

20   information until the return date thereof.

21        The Receiving Party also must immediately inform in writing the party who

22   caused the subpoena or order to issue in the other litigation that some or all the material

23   covered by the subpoena or order is the subject of this Protective Order. In addition, the

24   Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the

25   party in the other action that caused the subpoena or order to issue.

26   //

27   //

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION

Case 2:07-cv-05326-JHN-E   Document 182   Filed 02/18/10   Page 12 of 18

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material and Confidential Information and Items to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately and in no event more than three court days (a) notify the Designating Party in writing by e-mail or fax of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material and Confidential Information and Items, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" that is attached as Exhibit A.

10.    FILING PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS

A Party may not file in the public record in this action any Protected Material and Confidential Information and Items. A Party that seeks to file under seal any Protected Material and Confidential Information and Items must submit the materials under seal.

11.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material and Confidential Information and Items to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material and Confidential Information and Items. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material and Confidential Information and Items instead of returning it. Whether the Protected Material and Confidential Information and Items is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day (60) deadline that

10

Case 2:07-cv-05326-JHN-E   Document 182   Filed 02/18/10   Page 13 of 18

identifies (by category, where appropriate) all the Protected Material and Confidential Information and Items that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material and Confidential Information and Items.  Notwithstanding anything contained herein to the contrary, Counsel shall be permitted to retain copies of court papers and other papers served in connection with this case, transcripts (including deposition transcripts), exhibits, and work product containing or reflecting CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY documents or discovery materials.

12.    **MISCELLANEOUS**

12.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by mutual agreement of the Parties or the Court in the future.

12.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

12.3.  <u>Right to Challenge Admissibility</u>.  No Party waives any right to object on any ground to use of any of the material covered by this Protective Order at trial, in evidence or otherwise.

12.4.  <u>Right to Seek Additional Protective Treatment</u>.  Nothing in this Order abridges the right of any person to seek additional protective treatment for any Confidential Information or Items.

/ /
/ /
/ /
/ /

11

1           12.5.  <u>Right to Injunctive Relief</u>.  Because the Designating Party's legal

2    remedies may be inadequate, the Parties agree that injunctive relief may be an appropriate

3    remedy to prevent any person or party from using or disclosing Protected Material in

4    violation of the Order.  In the event the Receiving Party, or any other person or entity,

5    violates or threatens to violate any of the terms of this Order, the Parties agree that the

6    Designating Party, with appropriate notice to the Receiving Party, may apply the Court to

7    obtain injunctive relief against any such persons or parties violating or threatening to

8    violate any of the terms of this Order.

9

10   DATED:  February 18, 2010           Respectfully submitted,
                                                         INITIATIVE LEGAL GROUP APC

11

12                                           By: _____

13                                               MÓNICA BALDERRAMA
                                            Attorneys for Plaintiff Cynthia Flores

14

15

16   DATED:  February ____, 2010         AKIN GUMP STRAUSS HAUER & FELD
                                                LLP

17

18

                                          By: _____

19                                               W. RANDOLPH TESLIK (*Pro Hac Vice*)
                                            REED L. RUSSELL (*Pro Hac Vice*)

20                                               DAVID A. RAPPAPORT (*Pro Hac Vice*)
                                            SCOTT J. WITLIN

21                                               Attorneys for Defendants New Albertsons,
                                            Inc. and SuperValu, Inc.

22

23   DATED:  February ____, 2010         JORDAN LAW GROUP

24

25                                             By: _____

26                                               PATRICK W. JORDAN
                                            NANETTE JOSLYN

27                                               Attorneys for Defendants SaveMart
                                            Supermarkets, and Lucky Stores, Inc.

28

12

Case 2:07-cv-05326-JHN-E   Document 182   Filed 02/18/10   Page 15 of 18

12.5. <u>Right to Injunctive Relief</u>. Because the Designating Party's legal remedies may be inadequate, the Parties agree that injunctive relief may be an appropriate remedy to prevent any person or party from using or disclosing Protected Material in violation of the Order. In the event the Receiving Party, or any other person or entity, violates or threatens to violate any of the terms of this Order, the Parties agree that the Designating Party, with appropriate notice to the Receiving Party, may apply the Court to obtain injunctive relief against any such persons or parties violating or threatening to violate any of the terms of this Order.

DATED:  February ____, 2010

Respectfully submitted,
INITIATIVE LEGAL GROUP APC

By: _____

MÓNICA BALDERRAMA
Attorneys for Plaintiff Cynthia Flores

DATED:  February _11_, 2010

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____

W. RANDOLPH TESLIK (*Pro Hac Vice*)
REED L. RUSSELL (*Pro Hac Vice*)
DAVID A. RAPPAPORT (*Pro Hac Vice*)
SCOTT J. WITLIN
Attorneys for Defendants New Albertsons, Inc. and SuperValu, Inc.

DATED:  February ____, 2010

JORDAN LAW GROUP

By: _____

PATRICK W. JORDAN
NANETTE JOSLYN
Attorneys for Defendants SaveMart Supermarkets, and Lucky Stores, Inc.

12

1        12.5. <u>Right to Injunctive Relief</u>. Because the Designating Party's legal

2  remedies may be inadequate, the Parties agree that injunctive relief may be an appropriate

3  remedy to prevent any person or party from using or disclosing Protected Material in

4  violation of the Order. In the event the Receiving Party, or any other person or entity,

5  violates or threatens to violate any of the terms of this Order, the Parties agree that the

6  Designating Party, with appropriate notice to the Receiving Party, may apply the Court to

7  obtain injunctive relief against any such persons or parties violating or threatening to

8  violate <u>any of</u> the terms of this Order.

9

10  DATED: February ____, 2010             Respectfully submitted,
                                          INITIATIVE LEGAL GROUP APC

11

12                                 By: _____

13                                      MÓNICA BALDERRAMA
                                      Attorneys for Plaintiff Cynthia Flores

14

15

16  DATED: February ____, 2010            AKIN GUMP STRAUSS HAUER & FELD
                                      LLP

17

18

19                                 By: _____
                                      W. RANDOLPH TESLIK (*Pro Hac Vice*)

20                                      REED L. RUSSELL (*Pro Hac Vice*)
                                      DAVID A. RAPPAPORT (*Pro Hac Vice*)

21                                      SCOTT J. WITLIN
                                      Attorneys for Defendants New Albertsons,

22                                      Inc. and SuperValu, Inc.

23  DATED: February _10_, 2010            JORDAN LAW GROUP

24

25                                 By: *Nanette Joslyn*

26                                      PATRICK W. JORDAN
                                      NANETTE JOSLYN

27                                      Attorneys for Defendants SaveMart
                                      Supermarkets, and Lucky Stores, Inc.

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION

Case 2:07-cv-05326-JHN-E   Document 182   Filed 02/18/10   Page 17 of 18

# EXHIBIT A

| | |
|---|---|
| CYNTHIA FLORES, individually, and on behalf of other members of the general public similarly situated, | Case Number: CV07-05326 JHN (EX) |
| Plaintiff, | Assigned to the Hon. Jacqueline Hong-Ngoc Nguyen for All Purposes |
| vs. | CLASS ACTION |
| CVS PHARMACY, INC., et al., | **Agreement to Be Bound by Protective Order** |
| Defendants | |

By signing this document, I hereby certify that I have read the Protective Order ("Order") in the above-captioned case. I understand the responsibilities and obligations the Order imposes on persons viewing the material encompassed by the Order, and I agree to be bound by all of the provisions of the Order, so as to enable me to view the material encompassed by the Order. I understand that any violation of the Order by me or anyone acting under my direction may subject me to penalties for contempt of Court and/or other relief sought by a party to the above-captioned matter. I hereby consent to the personal and subject matter jurisdiction over me by the Court for purposes of enforcing my agreement here.

DATED: _____          _____
                                  Signature

                                  _____
                                  Name (Printed)

                                  _____
                                  Address

13

## ORDER

Having considered the parties' Stipulation Concerning Discovery and Confidential Information ("Stipulation"), and finding good cause therefore, the foregoing Stipulation is hereby confirmed as an Order of the Court.

DATED: _2/18/10_

Hon. ~~Jacqueline Hong-Ngoc Nguyen~~
~~Judge of the U.S. District Court~~
CHARles F. Eick
United States Magistrate Judge

14