JORDAN LAW GROUP
PATRICK W. JORDAN (Bar No. 52115)
pwj@pjordanlaw.com
NANETTE JOSLYN (Bar No. 141317)
nj@pjordanlaw.com
1010 "B" Street, Suite 320
San Rafael, CA 94901
Telephone: (415) 459-9865
Fax: (415) 459-9871

Attorneys for Defendants SAVE MART SUPERMARKETS and LUCKY STORES, INC., doing business in California as DELAWARE LUCKY STORES, INC., sued herein as DOE Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA FLORES, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CVS PHARMACY, INC., etc., et al.,<br><br>Defendants. | **CASE NO. CV07-05326-JHN-Ex**<br><br>**CLASS ACTION**<br><br>**DEFENDANTS SAVE MART SUPERMARKETS AND LUCKY STORES OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AGAINST SAVE MART AND LUCKY STORES AS DEFENDANTS**<br><br>**Date:** July 12, 2010<br>**Time:** 2:00 p.m.<br>**Place:** Courtroom 790<br>**Judge:** Hon. Jacqueline H. Nguyen<br><br>**Complaint Filed:** August 15, 2007<br>**Class Discovery Cut-Off:** April 9, 2010<br>**Trial Date:** None |

PRINTED ON RECYCLED PAPER

2:07-CV-05326-JHN-Ex
DEFENDANTS SAVE MART SUPERMARKETS AND LUCKY OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A. PLAINTIFF'S PROPOSED CLASS DEFINITION IS LIMITED TO EMPLOYEES WHO WORKED AT STAND-ALONE SAV-ON DRUG STORES . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B. DEFENDANTS SAVE MART AND LUCKY'S DID NOT PURCHASE ANY STAND-ALONE SAV-ON DRUG STORES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    C. PLAINTIFF DID NOT WORK AT AN ALBERTSON'S GROCERY STORE NOR DOES SHE HAVE ANY EXPERIENCE WITH UNION REPRESENTATION . . . . . . . . . . . . 4

    D. EVEN THOUGH SAVE MART DID NOT PURCHASE A SINGLE STAND-ALONE SAV-ON DRUG STORE, PLAINTIFF HAS KEPT SAVE MART AND LUCKY'S IN THIS LAWSUIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. THE COURT SHOULD DENY THE MOTION AS TO DEFENDANTS SAVE MART AND LUCKY'S BECAUSE PLAINTIFF PROPOSED CLASS DOES NOT INCLUDE EMPLOYEES WHO WORKED AT EITHER THE ALBERTSON'S OR LUCKY'S GROCERY STORES . . . . . . . . . . 5

    B. THE COURT HAS ALREADY DETERMINED PLAINTIFF HAD NOT MADE A PRIMA FACIE SHOWING THAT THE CLASS ACTION REQUIREMENTS OF FED. R. CIV. P. 23 WERE SATISFIED WITH RESPECT TO THE GROCERY STORES SAVE MART PURCHASED . . . . . . . . . . . . . . . . . . . . . . 7

    C. PLAINTIFF'S MOTION MAKES NO ATTEMPT TO RECONCILE THE DIFFERENCES BETWEEN UNION AND NON-UNION STORES SUCH THAT PLAINTIFF COULD ADEQUATELY REPRESENT EMPLOYEES WORKING AT UNION STORES OR THAT HER CLAIMS WOULD BE TYPICAL OF THOSE EMPLOYEES WHO BENEFITTED FROM UNION REPRESENTATION . . . . . . . . . . . . . . . . . . . . . . . . 8

    D. JOINDER IN NEW ALBERTSON'S OPPOSITION . . . . . . . . . . . 11

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

PRINTED ON RECYCLED PAPER

2:07-CV-05326-JHN-Ex
DEFENDANTS SAVE MART SUPERMARKETS AND LUCKY OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
i

# TABLE OF AUTHORITIES

**Page**

### Cases

Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985) . . . . . . . . . . . . . . . . . . . . . . . 8

Firestone v. Southern California Gas Company, 219 F.3d 1063 (9th Cir. 2000) . . 9

Johnson v. United States Postal Service (9th Cir. 1985) 756 F.2d 1461 . . . . . . . . 9

Jones v. GPU, 234 F.R.D. 82 (E.D.Pa. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Prazak v. Local 1 Internat'l Union of Bricklayers & Allied Crafts,

(9th Cir. 2000) 233 F.3d 1149 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Vaca v. Sipes, 386 U.S. 171 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

### Statutes, Rules and Regulations

29 U.S.C. § 185(a) (Section 301 of the Labor Management Relations Act) . . . 8, 9

Federal Rules of Civil Procedure, Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rules of Civil Procedure, Rule 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Federal Rules of Civil Procedure, Rule 23(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . 11

PRINTED ON
RECYCLED PAPER

2:07-CV-05326-JHN-Ex
DEFENDANTS SAVE MART SUPERMARKETS AND LUCKY OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

ii

**I.  INTRODUCTION**

When Plaintiff, Cynthia Flores ("Plaintiff"), initiated this lawsuit, she alleged a very broad class, which not only included employees who worked at Sav-On Drug stores, as she did, but also those who worked at Albertson's grocery stores.  Defendants Save Mart Supermarkets ("Save Mart") and Lucky Stores, Inc. ("Lucky's") became defendants because Save Mart had purchased Albertson's grocery stores located in Northern California.  Should Plaintiff obtain an order certifying a class that included the grocery stores Save Mart purchased, Save Mart and Lucky's would obviously remain defendants.

However, Plaintiff's motion for class certification does not include the Albertson's grocery stores Save Mart purchased.  Instead, Plaintiff now seeks to certify a far more limited class of those employees who worked at stand-alone Sav-On Drug stores.  Notwithstanding this clear class description, Plaintiff's motion asks the court for an order certifying Plaintiff's action "as a Class Action against Defendants SuperValu, Inc. New Albertson's, Inc., Save Mart Supermarkets, and Lucky Stores, Inc."  (Notice of Motion and Motion, Dckt. 199 at 1:8-9)  Plaintiff makes only one reference to Save Mart/Lucky's in her memorandum: a footnote describing the corporate transactions whereby Save Mart acquired the grocery stores.  By this footnote, Plaintiff hopes to bootstrap Save Mart/Lucky's into the class action just in case an opportunity appears on the horizon.

Because Plaintiff has no basis in law or fact to include Save Mart/Lucky's as class defendants, the Court should deny Plaintiff's motion as to these defendants.

**II.  FACTS**

    **A.  PLAINTIFF'S PROPOSED CLASS DEFINITION IS LIMITED TO EMPLOYEES WHO WORKED AT STAND-ALONE SAV-ON DRUG STORES**

Plaintiff's motion for class certification seeks to certify three

PRINTED ON RECYCLED PAPER

2:07-CV-05326-JHN-Ex
DEFENDANTS SAVE MART SUPERMARKETS AND LUCKY OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
1

subclasses: (1) a "meal break subclass;" (2) a "rest break subclass;" and (3) a "regular rate subclass." (See Memorandum of Points and Authorities in Support of Plaintiff's Motion for Class Certification ("Pl. Mem.") at 11:8-19) Plaintiff carefully confines the putative class to Albertson's employees "working at California Sav-On Drug Stores" between August 15, 2003 until June 21, 2006. (Pl. Mem. at 1:2-3, 12-13, 2:25-3:1, 4:6-7, 26-27, 5:15-16, 6:6-7, 20, 25-26, 7:13-14, 9:15-16, 11:8-19, 15:8-10, 23:12-14) More specifically, Plaintiff estimates the putative class to be "between 12,000 and 20,000 [who] worked in one of Albertson's 350 Sav-On stores in California." (Pl. Mem. at 2:10-11)

The "350 Sav-On stores" reference is derived from deposition testimony given by Elizabeth Garrett ("Garrett"), the Vice President for Albertson's drug division, which covered the drug store banner Sav-On and Osco. (See Exh. A to declaration of Monica Balderrama ("Balderrama Dec.") at 34:14-35:4; Exh. E to Declaration of Nanette Joslyn ("Joslyn Dec.") at 22:2-10, 32:4-6) In a previous declaration, Garrett estimated that, "between the period of August 2003 to June 2006, there were approximately 330 stand-alone Sav-on retail drug stores at any one time in California." (See Declaration of Elizabeth Garrett ("Garrett Dec.") ¶ 5, Dckt. 162-5) It is thus clear that Plaintiff has limited her class to those employees who worked at stand-alone Sav-On drug stores. Plaintiff should not be heard on reply to assert she forgot some facts or wishes to "clarify" her claims which are clean and unambiguous on their face.

Plaintiff's limited motion is understandable as did not work at a grocery store, but "worked as a Pharmacy Technician at Albertson's Sav-On Drug Store from August 8, 2005, until the store – along with other standalone Sav-On Drug Stores – was purchased by CVS Pharmacy on or about June of 2006." (Pl. Memo. at 9:9-11) The employee declarations submitted in support of Plaintiff's motion come from employees who worked for the Sav-Ons sold to CVS. (See Pl. Mem. at 4:10-13 and Compendium of Class Member Declarations)

PRINTED ON
RECYCLED PAPER

2:07-CV-05326-JHN-Ex
DEFENDANTS SAVE MART SUPERMARKETS AND LUCKY OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
2

Plaintiff also submits a collective bargaining agreement ("CBA") between Sav-On Drug and United Food and Commercial Workers ("UFCW"), Locals 135, 324, 770, 1036, 1167, 1428, 1442.  (See Exh. F to Balderrama Dec.)[1/]  Declarations submitted by Plaintiff's experts further confirm that Plaintiff limits the putative class to those who worked for Albertson's at its stand-alone Sav-On stores.  (See Declaration of Robert Lewis, ¶ 5; Declaration of Becky Wu, ¶ 9; Declaration of Todd Stefan, ¶ 13)

### B. DEFENDANTS SAVE MART AND LUCKY'S DID NOT PURCHASE ANY STAND-ALONE SAV-ON DRUG STORES

In February 2007, Save Mart purchased about 123 supermarkets from Albertson's LLC.  (See Excerpts from Deposition of Michael J. Silveira (Silveira Dep.) at 12:7-11, 13:3-11 attached at Exh. A to Joslyn Dec.)[2/]  The Purchase Agreement itself identified the assets as "retail grocery stores and distribution centers under the "Albertson's" and "Lucky" banners in northern California and Nevada."  (See, Exh. 2, to Silveira Dep., attached as Exh. B to Joslyn Dec. and filed under seal)  Save Mart did not purchase any stand-alone Sav-On drug stores.  (See Declaration of Rick Silva ("Silva Dec.") ¶ 3)

Every one of the Albertson's acquired by Save Mart had a collective bargaining agreement in effect at the time of acquisition.  (Silva Decl. ¶ 4)  Attached to the Purchase Agreement as Schedule 3.15(a) is a list of outstanding grievances submitted by various UFCW Locals on behalf of the members they represent.  (See Exh.5 to Silveira Dep., attached as Exh. C to Joslyn Dec.)  The UFCW Locals referenced in Schedule 3.15(a) include Locals 8, 101, 120, 373, 428, 588, 648, 711, 839, 870, 1179 and 1288.  (Id.)  None of UFCW Locals

---

[1/] Plaintiff submits the CBA with little substantive comment.  Indeed, Plaintiff makes no effort to explain why the existence of the CBA does not create individualized fact issues or unique defenses.  And for some unexplained reason, Plaintiff specifically excludes union employees from her third proposed subclass.

[2/] Lucky's is a wholly owned subsidiary of Save Mart.  (Silveira Dep. at 9:11-12)

PRINTED ON
RECYCLED PAPER

2:07-CV-05326-JHN-Ex
DEFENDANTS SAVE MART SUPERMARKETS AND LUCKY  OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
3

1 representing members of the Albertson's purchased by Save Mart were party to
2 the CBA covering Sav-On.  (Compare Exh. F to Balderrama Dec. And Exh. C to
3 Joslyn Dec.; Silva Decl. ¶ 6)

### C. PLAINTIFF DID NOT WORK AT AN ALBERTSON'S GROCERY STORE NOR DOES SHE HAVE ANY EXPERIENCE WITH UNION REPRESENTATION

Plaintiff never worked for or at an Albertson's grocery store.  (See Excerpts from Plaintiff's Deposition ("Pl. Dep.") 63:18-20, attached as Exhibit D to Joslyn Dec.)  Plaintiff does not know what job positions exist in an Albertson's grocery store.  ("Pl. Dep. 63:24-64:1, )  Plaintiff never received any schedules or work assignments from Albertson's grocery store managers.  (Pl.Dep. 64:2-7)  Plaintiff has never even been in a Northern California Albertson's.  (Pl. Dep. 215:22-216:11)

While employed, Plaintiff worked for a nonunion stand-alone Sav-On.  (Pl. Dep. 65:23-25, Exh. D to Joslyn Dec.) Plaintiff does not know what a collective bargaining agreement is, nor does she know whether or how unions representing Albertson's employees enforced the union contracts.  (Pl. Dep. 223:6-21)  Plaintiff does not whether or not the shop stewards or business agents actually enforced the union contracts.  (Pl. Dep. 223:16-224:12, 230:18-24)

### D. EVEN THOUGH SAVE MART DID NOT PURCHASE A SINGLE STAND-ALONE SAV-ON DRUG STORE, PLAINTIFF HAS KEPT SAVE MART AND LUCKY'S IN THIS LAWSUIT

By way of a footnote, Plaintiff describes a series of transactions by which Albertson's sold its assets starting in 2006. (Pl.Mem. at 3, n. 3) As Plaintiff admits, Save Mart and Lucky's purchased "grocery store assets" that had previously been held by Albertson's LLC and Cerberus.  (Id.)   Despite the fact that Save Mart and Lucky's acquired only grocery stores,  footnote 3 explains that

PRINTED ON
RECYCLED PAPER

2:07-CV-05326-JHN-Ex
DEFENDANTS SAVE MART SUPERMARKETS AND LUCKY OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
4

"Defendants" may be ultimately liable because CVS, the entity that actually acquired the stand-alone Sav-On drug stores in 2006, is not liable for any wage and hour violations that occurred before 2006.  (Pl. Mem. at 3 n. 3)  Significantly, Plaintiff does not claim that Save Mart purchased even one store that would be covered by her class definition.[3/]

### III.  ARGUMENT

#### A.  THE COURT SHOULD DENY THE MOTION AS TO DEFENDANTS SAVE MART AND LUCKY'S BECAUSE PLAINTIFF PROPOSED CLASS DOES NOT INCLUDE EMPLOYEES WHO WORKED AT EITHER THE ALBERTSON'S OR LUCKY'S GROCERY STORES

By choosing to limit the scope of the putative class to employees who worked at a stand-alone Sav-On stores, Plaintiff wisely decided to forgo an attempt to certify a class of employees who had worked at either an Albertson's or Lucky's California grocery store during the relevant time period.  Because Save Mart and Lucky's purchased only grocery stores, any court order certifying a class would, by its own terms, not include the stores purchased by Save Mart or Lucky's.

Plaintiff's inchoate arguments that Save Mart and Lucky's be included as defendants due to so-called "successor liability" lacks merit.  (Pl. Mem. at 3 n. 3)  The eight causes of action contained in Plaintiff's Third Amended Complaint ("TAC") derive from allegations that Albertson's and the other

---

[3/] Simply put, Plaintiff's sole articulated reason for keeping Save Mart and Lucky's in this lawsuit is that there may be a "possibility" that Save Mart and Lucky's would be liable as successors for violations that occurred in stores they never purchased.  This reason is so speculative as to rise only to the level of musings and cannot form a legitimate basis for including Save Mart and Lucky's in the class certification effort.  Parenthetically, we had hoped, based on our production of transaction documents and Plaintiff's deposition that Plaintiff's counsel would see their way clear to remove Save Mart and Lucky's from this litigation.

PRINTED ON
RECYCLED PAPER

2:07-CV-05326-JHN-Ex
DEFENDANTS SAVE MART SUPERMARKETS AND LUCKY OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
5

defendants violated California's wage and hour laws. (See generally Dckt. No, 105) Specifically, the TAC defines the class as "[a]ll non-exempt or hourly paid employees who have been employed by Defendants ... ." (TAC, ¶ 20 (emphasis added)) Paragraph 23 of the TAC confirms "Defendants employed Plaintiff and other persons." (TAC, ¶ 23 (emphasis added)) Plaintiff then incorporates paragraphs 20, and 23 by reference throughout the TAC. (TAC ¶¶ 41, 52, 60, 67, 81, 91, 100, 105) In other words, Plaintiff's suit against Save Mart and Lucky's assumes Save Mart purchased stores containing class members.

The late Judge Cooper noted that "Save Mart is the successor-in-interest to the Northern California grocery stores owned and operated by Albertson's LLC, and its partial owner, Cerberus." (Dckt No. 149 at 2:21-23) For this reason, Judge Cooper permitted Save Mart and Lucky's to be added as defendants on the ground they might be a "potential successor to the pre-acquisition liabilities of Albertson's grocery stores and Sav-On drug stores." (See Dckt. No. 93 at 6:5-6; Dckt. No. 149 at 2:23-24 (emphasis added) When Judge Cooper made her rulings, they were based on Plaintiff's broad class allegations, which included employees who worked at the grocery stores as well as the Sav-On Drug stores. (TAC ¶ 20)

Now that Plaintiff has trimmed her putative class to those who worked at Sav-On Drug stores only, Judge Cooper's comments concerning possible successor liability cannot be fairly read to mean that Save Mart should remain in the lawsuit under some other unarticulated successorship theory. Plaintiff's TAC does not include a cause of action for indemnity, contribution or any other rationale by which Defendants Save Mart or Lucky's might be jointly or severally liable for wage and hour violations that occurred at the stand-alone Sav-Ons. Instead of drafting a motion and proposed order that includes Save Mart and Lucky's as defendants, Plaintiff's should have voluntarily dismissed Save

PRINTED ON
RECYCLED PAPER

2:07-CV-05326-JHN-Ex
DEFENDANTS SAVE MART SUPERMARKETS AND LUCKY  OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
6

Mart and Lucky's from this lawsuit.

## B. THE COURT HAS ALREADY DETERMINED PLAINTIFF HAD NOT MADE A PRIMA FACIE SHOWING THAT THE CLASS ACTION REQUIREMENTS OF FED. R. CIV. P. 23 WERE SATISFIED WITH RESPECT TO THE GROCERY STORES SAVE MART PURCHASED

During the class discovery phase of this litigation, Plaintiff propounded interrogatories seeking contact information for all employees who worked at grocery stores purchased by Save Mart. Save Mart objected to the interrogatories and Plaintiff moved to compel responses. On January 12, 2010, Magistrate Judge Eick denied Plaintiff's motion on the grounds that Plaintiff had failed to make a *prima facie* showing that the class action requirements of Rule 23 had been met with respect to the grocery stores. (Dckt. No. 173) Plaintiff subsequently requested review of the Magistrate's order.

On March 23, 2010, this Court affirmed the Magistrate's discovery ruling. (Dckt. No. 196) In so doing, the Court noted that the grocery stores had different policies, were unionized and operated under a separate chain of command. (See Order, at 11:16-12:26) In short, Plaintiff was essentially asking for information "from a different employer than the one for whom ... she worked." (Order at 13:16-17) Given the court's finding that Plaintiff did not make a prima facie showing allowing her to include the Albertson's grocery stores in her class, Plaintiff has no grounds upon which to keep Save Mart and Lucky's as defendants in this class action.

///
///
///
///

PRINTED ON RECYCLED PAPER

2:07-CV-05326-JHN-Ex
DEFENDANTS SAVE MART SUPERMARKETS AND LUCKY OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
7

### C. PLAINTIFF'S MOTION MAKES NO ATTEMPT TO RECONCILE THE DIFFERENCES BETWEEN UNION AND NON-UNION STORES SUCH THAT PLAINTIFF COULD ADEQUATELY REPRESENT EMPLOYEES WORKING AT UNION STORES OR THAT HER CLAIMS WOULD BE TYPICAL OF THOSE EMPLOYEES WHO BENEFITTED FROM UNION REPRESENTATION

Although Plaintiff limits her class to stand-alone Sav-On drug stores, her inclusion of Save Mart and Lucky's in her motion is both confusing and suspicious. Therefore, out of an abundance of caution, Save Mart and Lucky's is raising the issue of whether Plaintiff has made a sufficient showing that she, a non-unionized employee, is a proper representative plaintiff for unionized class members.

When an employee is covered by a collective bargaining agreement, the terms and conditions of that employee's position are delineated by the agreement. As is typical of labor contracts, including the Sav-On contract Plaintiff submits, employee disputes, or grievances, must proceed via a contract's grievance and arbitration procedure. (See e.g. Exh. F to Balderrama Dec., Article 16) In fact, covered employees may not proceed with a state law claim against the employer if its "resolution ... is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract ...." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985). Where that is the case, the "claim must either be treated as a § 301 claim ... or dismissed as preempted by federal labor-contract law." Id. [4]

---

[4] Section 301 labor law preemption refers to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). To maintain a lawsuit under section 301, the employee must sue both the employer for breach of the collective bargaining agreement and the union for breach of the duty of fair representation. See e.g. Vaca v. Sipes, 386 U.S. 171 (1967) (discussing a union's

(continued...)

PRINTED ON RECYCLED PAPER

2:07-CV-05326-JHN-Ex
DEFENDANTS SAVE MART SUPERMARKETS AND LUCKY OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
8

1          Thus, Section 301 preemption is a unique, atypical defense that Save
2   Mart and Lucky's would raise should Plaintiff try to include in the class any part
3   of the unionized stores purchased by Save Mart.  See e.g. Firestone v. Southern
4   California Gas Company,  219 F.3d 1063, 1066 (9th Cir. 2000) (finding that
5   covered employee's claim for overtime wages were preempted under § 301
6   because court could not determine whether or not the employee was receiving a
7   "premium wage rate" without interpreting the collective bargaining agreement).
8   Where a defendant can raise unique defenses with respect to class members,
9   typicality may not exist if the defense might become the focus of the litigation.
10  Jones v. GPU, 234 F.R.D. 82, 90-91, 97-98 (E.D.Pa. 2005).  Yet Plaintiff has
11  made no effort to address this unique defense, which would surely become a focus
12  of the litigation should the class include any of the grocery stores purchased by
13  Save Mart.
14         Not only is the Section 301 preemption doctrine an atypical legal
15  defense, there are several individualized factual issues that would arise due to the
16  collective bargaining relationship.  As stated by Garrett,

> All of the Albertson's food store operations in California
> were unionized. The requirements for the unionized
> hourly non-exempt employees at Albertson's food stores
> to take meal and rest breaks were addressed in collective
> bargaining agreements, and there were union stewards
> and/or business agents on the premises to address any
> allegation that an employee was required to work during

---

[4]/ (...continued)
duty of fair representation to its members); Johnson v. United States Postal Service (9th Cir. 1985) 756 F.2d 1461, 1467 (cause of action for breach of the collective bargaining agreement may not be maintained if union provided fair representation.)  Such "hybrid" complaints must be filed within six months of the alleged violation. (Prazak v. Local 1 Internat'l Union of Bricklayers & Allied Crafts, (9th Cir. 2000) 233 F.3d 1149, 1151)

PRINTED ON RECYCLED PAPER

2:07-CV-05326-JHN-Ex
DEFENDANTS SAVE MART SUPERMARKETS AND LUCKY OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
9

1         meal or rest breaks, or overtime without being paid for
2         such time.

3 (See Garrett Dec., Dckt. No. 162-5, ¶ 7)

4         Because covered employees have the advantage of union stewards and union business agents on the premises, Save Mart would be able to defend the day-to-day practices of its predecessor because there were third parties overseeing whether or not the employer was adhering to the collectively bargained for meal and rest breaks.  When Save Mart acquired the Northern California Albertson's, it not only acquired the various collective bargaining agreements in effect, it acquired numerous outstanding union grievances, as detailed in Schedule 3.15 of the Purchase Agreement.  (Exhibit C to Joslyn Dec.)  Included in the schedule of outstanding grievances are 18 designated as "wage claims."  (Id.)  As shown by Schedule 3.15, the UFCW locals were indeed busy ensuring that their members were being paid the wages owed to them.

        Plaintiff's demonstrated ability to present a case that takes these contingencies into account is nonexistent.  She admits she has no understanding of how a unionized workforce operates.  (Pl. Dep. 63:18-64:7, 65:23-25, 215:22-216:11, 223:6-224:12, 230:18-24, Exh. D to Joslyn Dec.)  She would thus be ill equipped to represent any employee who worked for in a union shop.  Indeed, that Plaintiff's counsel has seemingly ignored the fact of union representation and collective bargaining agreement coverage raises a question as to their suitability to act as class counsel.

        To the extent Plaintiff may hope to later argue that the certified class also includes any portion of the stores purchased by Save Mart, her claim should be rejected and any order certifying a class should specifically exclude the Northern California Albertson's purchased by Save Mart.

///

///

PRINTED ON RECYCLED PAPER

2:07-CV-05326-JHN-Ex
DEFENDANTS SAVE MART SUPERMARKETS AND LUCKY  OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
10

**D.   JOINDER IN NEW ALBERTSON'S OPPOSITION**

Although the facts submitted by Plaintiff's have no connection to the stores purchased by Save Mart, Save Mart joins to the opposition filed by defendant New Albertson's with regard to New Albertson's statements concerning the Plaintiff's overall burden of proof in a motion for class certification, including her burden to prove the elements of Rule 23(a) as well as Rule 23(b)(3).

**IV.   CONCLUSION**

For all of the foregoing reasons, Defendants Save Mart and Lucky's request that the Court deny Plaintiff's motion for class certification as to these defendants.

DATED: June 7, 2010          JORDAN LAW GROUP
                             PATRICK W. JORDAN
                             NANETTE JOSLYN

                             By:   /s/ Nanette Joslyn
                                   Nanette Joslyn
                             Attorneys for Defendants SAVE MART
                             SUPERMARKETS, and LUCKY STORES, INC.